SCOTT ERIK ASPHAUG, OSB # 833674
Acting United States Attorney
District of Oregon
**SCOTT M. KERIN, OSB # 965128**
Assistant United States Attorney
Scott.Kerin@usdoj.gov
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:21-MJ-00219 |
| v. | **GOVERNMENT'S MOTION FOR PRETRIAL DETENTION** |
| SEAN CASE MCGINLEY, | |
| **Defendant.** | |

The United States of America, through Scott Erik Asphaug, Acting United States Attorney for the District of Oregon, and Scott M. Kerin, Assistant United States Attorney, hereby asks the Court to detain the defendant pending trial as both a risk of non-appearance and as a danger to the community.

A.   **Factual and Procedural Summary.**

On November 19, 2021, defendant was charged in a Criminal Complaint with Making Interstate Threats Involving Explosives, in violation of 18 U.S.C. § 844(e), and Conveying False Information and Hoaxes about Destructive Devices, in violation of 18 U.S.C. § 1038. A

**Government's Motion for Pretrial Detention**                                                Page 1

conviction for Making Interstate Threats Involving Explosives, in violation of 18 U.S.C. § 844(e), carries a maximum penalty of up to 10 years' imprisonment, a fine of up to $250,000, and a three-year term of supervised release.  A conviction for Conveying False Information and Hoaxes about Destructive Devices, in violation of 18 U.S.C. § 1038(a)(1)(A), carries a maximum term of up to five years' imprisonment, a fine of up to $250,000, and a three-year term of supervised release.

Defendant, since late October 2021, has been calling in various hoax bomb threats in which he has targeted a local judge, a city, six different schools, and two hospitals.  His actions have been escalating and resulted in the evacuation of one school and one medical facility.  His crimes have caused serious public concern and fear.  The incidents are summarized in the Criminal Complaint and below.

Starting on or about October 26, 2021, defendant began making multiple calls to the Newberg-Dundee Police Department (NDPD) Dispatch Center in which he indicated that law enforcement needed to do their jobs and also referenced putting a pipe bomb under a vehicle.  In one of the calls, defendant made reference to having placed a pipe bomb on Willamette Street, in Newberg, Oregon.  Officers checked the area and did not locate a pipe bomb.  Defendant's calls and the phone number he was using to make the calls were recorded.  Law enforcement was able to determine, after a request for exigent geolocation information on the caller's phone, that the defendant was calling from the St. Louis, Missouri area.  McGinley has previously resided in Newberg, Oregon and has family in and around St. Louis, Missouri.

On or about November 9, 2021, defendant called in a threat to the NDPD Dispatch Center of a pipe bomb being placed in the vehicle tailpipe of a named Municipal Court Judge in Newberg, Oregon.  Following the call, which was from the same number as the prior threats, an

NDPD Officer called the defendant back and spoke with him and recorded the call. During the call, defendant was asked what he was referring to when he said that the named judge needed to check for a pipe bomb. Defendant said everyone should be aware of what's going on in the community. Defendant was asked if he was concerned for the named judge. Defendant responded saying he hoped someone would put a pipe bomb in the named judge's tailpipe because that judge was worthless and shouldn't be a judge. During the call, defendant also told the officers:

> Well, anytime you guys wanna, you know, try me for f - - king telephonic harassment it didn't work out really well for you guys last time and shit, well you can bring it on if you want to, it will expose all you guys dirty f - - king secrets and shit. I can pretty much do whatever the f - - k I want.

On or about the morning of November 12, 2021, NDPD received information from Newberg High School regarding a potential bomb threat. The principal of the school reported staff had received a voicemail from an unknown person stating there was a "pipe bomb" in the school. The voicemail came from what has been identified as the defendant's phone. Through reviewing past call history, NDPD dispatch was able to associate the phone that called in the message with being the same phone the defendant is using. A NDPD Officer reviewed the voicemail that was sent to the school. The NDPD Officer reported that the voicemail said, "Yes, good morning. There could be a pipe bomb placed on your campus today or there could not be—and also, xxxxx xxxx f - - ked his daughter and has a son as a result of that. Alright, there may be a pipe bomb on your campus today—there could be or there could not be—but xxxxx xxxx did f - - k his daughter and has a son as a result of that (unknown)."[1] A NDPD Officer reported that he and several officers listened to the voicemail that was left at the school. The

---

[1] McGinley left the name of an individual but we have omitted it from this affidavit.

**Government's Motion for Pretrial Detention**                                                                 **Page 3**

NDPD Officer advised that based on past contacts with defendant, both he and the other NDPD officers who listened to the call recognized the voice in the message to be defendant's voice. After another request for exigent geolocation information on the caller's phone, the phone was identified as being in the St. Louis, Missouri area.

On or about the morning of November 12, 2021, a School Resource Officer, hereinafter the SRO, was informed by Sherwood High School, hereinafter SHS, administrative staff there had just been a bomb threat called in from the defendant's phone number. Staff reported a male voice, initially thought to possibly be a student, said "there is a bomb on campus," and hung up. Shortly after this, the SRO received a phone call in his SHS office from the same phone number. The SRO activated his body camera to record the phone call and put the phone on speaker mode. During the call defendant provided information regarding a Sherwood pedophilia ring and confirmed his name as Sean McGinley and his birthdate as January "xx or xx" of 1981.[2] When defendant was asked if he had called in a bomb threat, defendant denied that he had called in the bomb threat. Defendant was asked if anyone else had access to his phone and he responded saying something to the effect of it was "not a secure line." SROs, law enforcement, and staff searched the school and no device was found.

NDPD Call for Service reports show NDPD dispatch received numerous calls in November 2021 from defendant utilizing the same phone number linked to the threat calls identified above. According to a call for service report defendant reported "sexually based conspiracy theories."

/ / /

---

[2] One of the dates matches McGinley's listed date of birth and the other is only one number off of his listed date of birth.

**Government's Motion for Pretrial Detention**                                   **Page 4**

On or about November 18, 2021, the Marion County Sheriff's Office, hereinafter MCSO, reported that the St. Paul Oregon High School received a voicemail containing a bomb threat that came from the defendant's phone. The number making the call was recorded by the machine. MCSO officials have shared the call with the SRO, referenced above, and the SRO positively identified the voice of the caller as the defendant, who he had previously talked with. In the call, defendant says there could or could not be a bomb in the high school property and that the bomb could or could not go off at 11 AM. The school officials, upon hearing the message, viewed it as a real and credible bomb threat. As a result of the call, the school was evacuated, locked down, and law enforcement was called to check the school for explosive devices. None were found. Classes were canceled for the remainder of the day.

On November 18, 2021, law enforcement reached out to defendant regarding separate allegations that he was violating a protective order by calling and contacting the protected person and her place of work. Law enforcement called the same number that the defendant was using to call in the bomb threats. When confronted about this on the phone defendant said:

> It's bullshit. I don't care. Come try to get me dude. I don't give a shit. She called me. She reached out to me. That kind of voids it. If you guys want to try and come and get me that's fucking totally fine. This is basically going to be a federal case – I mean it's over state lines as you guys do know – so, I mean it will be pretty hard for you guys to protect your criminal organization out there.

On November 19, 2021, a federal criminal complaint and arrest warrant was sought and authorized by United States Magistrate Judge Jolie A. Russo.

On November 22, 2021, defendant called in another bomb threat to an elementary school in Tigard, Oregon. The call came from the defendant's phone number once again. The school had heard about the incidents in Sherwood and Newberg and after speaking with Newberg

**Government's Motion for Pretrial Detention**  **Page 5**

officials decided not to lock down or evacuate the school. The staff did report to law enforcement that the bomb threat was extremely frightening to the staff members.

On November 23, 2021, the defendant called in four additional bomb threats to two schools and two medical facilities. All of the calls came from the defendant's phone number. In the morning of November 23, 2021, defendant called in bomb threats to Fowler Middle School in Tigard, Oregon and Twality Middle School in Tigard, Oregon. Both bomb threats indicated that there may or may not be a bomb inside the schools. Because both schools knew about the prior bomb hoaxes they did not evacuate the premises.

On November 23, 2021, defendant also called in bomb threats to the Providence Newberg Medical Center and the Providence Medical Plaza in Sherwood, Oregon. The hospital staff at the Providence Medical Plaza in Sherwood, Oregon, in response to the bomb threat, were extremely scared and evacuated all ambulatory patients and staff.

**B.     Applicable Law.**

    **1.     Rules of Evidence Do Not Apply at Detention Hearing.**

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *see also United States v. Bibbs*, 488 F.Supp.2d 925, 925-26 (N.D.Cal. 2007).

    **2.     Standards for Determining Release or Detention.**

Under the Bail Reform Act, 18 U.S.C. § 3142, *et seq.*, which governs the release or detention of a defendant pending trial, the Court shall order a defendant detained if, after a hearing, it finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18

U.S.C. § 3142(e). Generally, the United States bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *Winsor*, 785 F.2d at 757.

Concern about the safety of the community is not limited to concerns about violence; rather it is the *risk* that a defendant will continue committing crimes while on release that warrants their continued detention as a danger to the community:

> [T]he language referring to the safety of the community refers to the danger that the defendant *might* engage in criminal activity to the detriment of the community. The committee intends that the concerns about safety be given a broader construction than merely danger of harm involving physical violence. This principal was recently endorsed in *United States v. Provenzano and Andretta*, in which it was held that the concept of 'danger' . . . extended to nonphysical harms such as corrupting a union. The committee also emphasizes that the risk that a defendant will continue to engage in drug trafficking constitutes a danger to the "safety of any other person or the community."

S.REP. NO. 98-225, 98th Cong., 1st Sess. (1983), *reprinted in* 1984 U.S.C.C.A.N 3182, 3195 (Bail Reform Act); *see also United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir.1989)(Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society.").

In determining dangerousness or risk of non-appearance, the Court should examine the following four factors in deciding whether release is appropriate:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves . . . a controlled substance . . . ;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug

      or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and

  (B)  whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal . . . ; and

(4)  the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

18 U.S.C. § 3142(g).

**C.**  **Factors Supporting Detention.**

  The defendant based upon his repeated and unchecked hoax bomb threats, his criminal history, and ongoing and escalating criminal behavior should be detained pending trial as both a danger to the community and a risk of nonappearance. The defendant's behavior clearly shows that he will not abide by the law and it would be unrealistic to hope he will follow any of the Court's future orders.

  **1.**  **Nature and Circumstances of the Offense.**

  The defendant, whether motivated by malice or mental health issues, has fixated on calling in hoax bomb threats in which he has targeted a local judge, a city, three separate schools, and two medical providers. The bomb threats are, by their very nature, alarming and a cause for concern. While some of the victims have figured out they were hoaxes, others have viewed the threats as potentially real and have ended up evacuating their facilities. The defendant's conduct shows no sign of abating, but rather appears to be escalating. Whatever the cause or motivation, given the nature of the defendant's conduct and his repeated disregard of the law, there are no conditions of supervision that will realistically stop the defendant's criminal conduct and ensure that he will abide by the Court's orders.

/ / /

**2.      Weight of the Evidence.**

The weight of the evidence against the defendants is very strong and supports his continued detention. The defendant has been repeatedly identified as the caller behind the bomb threats. The defendant has identified himself in calls with law enforcement, law enforcement officials have recognized the voice of the caller as the defendant, and the phone has come back associated with the defendant. The defendant has made no effort to hide the fact that he is behind the calls and has instead taunted law enforcement telling them that they can't do anything and he doesn't care if they try.

**3.      History and Characteristics of the Defendant.**

The history and characteristics of the defendant also warrants pretrial detention. Defendant's criminal history shows a 1996 felony conviction for Robbery in the Third Degree; a 2011 misdemeanor conviction for Driving Under the Influence of Intoxicants; a 2013 misdemeanor conviction for Intimidation/Stalking; and a 2020 misdemeanor conviction for Telephonic Harassment. His criminal history also reflects entries for failure to appear, a violation of court supervision, and contempt of court, but no dispositions are listed. The defendant has also violated a current protective order, as referenced above. The defendant does not appear to have a stable residence and it has been reported to law enforcement that the defendant is currently illegally using methamphetamine and cocaine. The history and characteristics demonstrate that the defendant is unlikely to abide by any release conditions the Court may impose and calls into question his willingness to make future court appearances.

/ / /

/ / /

**4.      Nature and Seriousness of the Danger to the Community.**

The defendant's hoax bomb threats are serious. His bomb threats have placed people in fear and resulted in the evacuation of one school and one medical center. If the defendant is detained in custody his access to phones will be restricted. If he remains out of custody, it is unrealistic to believe that the defendant will refrain from continuing to do what he has been doing – which is calling in hoax bomb threats and menacing the community. The defendant knows what he is doing is wrong and simply does not care. He should be detained.

### Conclusion

For the reasons set forth herein, the government respectfully requests that the Court detain the defendant pending trial and find he poses an unacceptable risk of non-appearance at future court hearings and that he is a danger to the community.

Dated:  November 24, 2021.                                  Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

/s/ *Scott Kerin*

SCOTT M. KERIN, OSB # 965128
Assistant United States Attorney